**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Phillip Jerome LEE, Defendant-Appellant.**

**No. 75–1836.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1976.

Decided July 21, 1976.

Prof. Conrad Kellenberg, and Maureen S. Power (Third Year Law Student Presenting Oral Argument by Leave of Court), Notre Dame, Ind., for defendant-appellant.

John R. Wilks, U.S. Atty., Frank J. Gray, Asst. U.S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before SWYGERT and BAUER, Circuit Judges, and HOFFMAN, Senior District Judge.[1]

## PER CURIAM.

The question presented on this appeal is whether the double jeopardy clause of the Constitution is violated when a person is put to trial twice, the first time on a faulty charge.

The evidence at both trials was identical. Chales Bilskie, a blind person, operated a newspaper and candy concession in the main lobby of the Fort Wayne, Indiana, Post Office. On December 21, 1973 Bilskie had placed his two wallets containing money in the amount of $66.00 on the counter behind his stand. A postal security officer, Vance Travis, was in the lobby during the day and saw two people talking to Bilskie. One of these was later identified as defendant-appellant Phillip Jerome Lee. Officer Travis saw Lee go behind the counter and after noticing that Lee had Bilskie's wallets in his hand, shouted, "Stop." Lee attempted to escape, but was apprehended by Travis.

The defendant was charged by an information with violating 18 U.S.C. § 13[2] and I.C. 35–17–5–3, Burns Ind.Stat. § 3030 (1971),[3] (theft while on property under the jurisdiction of the federal government). At his trial, but before any evidence was introduced, the defendant moved that the information be dismissed because it did not include the allegation that the offense was "knowingly" committed. The trial judge took the motion under advisement and proceeded to hear the evidence. At the conclusion of the trial the objection to the faulty information was sustained and the case was dismissed.

The defendant was thereafter indicted for the same offense with the correction

1. The Honorable Julius J. Hoffman, United States Senior District Judge for the Northern District of Illinois, sitting by designation.

2. 18 U.S.C. § 13 reads:
   Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

3. I.C. 35–17–5–3, Burns Ind.Stat. § 3030 (1971), reads:
   *Theft in general.*—A person commits theft when he (1) knowingly:
   (a) obtains or exerts unauthorized control over property of the owner; . . .

that the theft knowingly occurred. After a bench trial, the defendant was found guilty and given a prison sentence.

The sole issue on appeal is whether a retrial of the defendant for the same offense pursuant to a corrected indictment violated his right against double jeopardy.

Recently, in *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), the Supreme Court discussed at what point in a criminal proceeding the double jeopardy clause becomes applicable:

As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of "attachment of jeopardy." In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. In a nonjury trial, jeopardy attaches when the court begins to hear evidence. The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is "put to trial before the trier of the facts, whether the trier be a jury or a judge." (Citations omitted.)

The question, however, of when double jeopardy attaches should not be determined mechanically, as the Court pointed out in *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Rather the question must turn on the particular facts presented by each case. For example, in *Somerville,* the defendant had been indicted for the crime of theft. The case was called for trial and a jury was impaneled and sworn, but before any evidence had been presented the prosecuting attorney brought to the trial court's attention the fact that the indictment was fatally defective. Because the defect was "jurisdictional" under the prevailing state law and could not be waived, the trial judge granted the state's motion for a mistrial. The defendant was reindicted (under proper allegations) for the same offense and a jury returned a verdict of guilty. The Supreme Court held that the

double jeopardy clause did not bar the defendant's retrial.

In *United States v. Velazquez,* 490 F.2d 29 (2d Cir. 1973), the trial judge dismissed an indictment after he had examined defendant's pretrial motion papers containing allegations of facts going to the issue of guilt or innocence. The allegations were disputed by the Government. It appealed under 18 U.S.C. § 3731, and the defendant pleaded double jeopardy. The Second Circuit allowed the appeal and held that double jeopardy had not been invoked even though the trial court had gone beyond the allegations of the indictment and had considered evidentiary facts, though not, as the court emphasized, in an adversary trial setting.

■ In the case at bar, the motion of dismissal was made by the defendant on the day of trial. The dismissal was granted after the evidence was heard, but before any finding was made of guilt or innocence. It was not based on evidence adduced at trial, but rather on the failure of the information to state an essential element of the offense—in short, because of a jurisdictional defect. Significantly, the defendant knowing that the court had taken his motion to dismiss under advisement did not object to going forward with the trial. Under these circumstances, we conclude that the double jeopardy clause did not bar his retrial.

■ Double jeopardy does not attach when a defendant secures a reversal of his conviction because of a faulty indictment and after remand he is tried on a new indictment for the same offense. *United States v. Ball,* 163 U.S. 662, 66 S.Ct. 1192, 41 L.Ed. 300 (1896). There is a certain analogy between this case and the one before us. Had Lee's motion to dismiss been denied and had he been found guilty, his appeal would likely have resulted in a reversal and a remand for retrial. Under *United States v. Ball, supra,* a new trial would not constitute double jeopardy.

For these reasons, the conviction is affirmed.